CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/22/2019
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:08-cr-00012 |
| v. | **MEMORANDUM OPINION** |
| JERMAINE MALIK DELANEY, *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Jermaine Malik Delaney ("Defendant") was identified as an individual who may qualify for retroactive application of the Fair Sentencing Act of 2010 under Section 404 of the First Step Act of 2018. (Dkt. 41). This matter has been briefed and is ripe for review. For the following reasons, the Court will grant Defendant retroactive relief under the First Step Act.

On May 8, 2008, Defendant was indicted on one count of distribution of 50 grams or more of cocaine vase, in violation of 21 U.S. C. §§ 841(a)(1) and 841(b)(1)(A). (Dkt. 3). The United States filed an Information to establish Defendant's prior drug conviction pursuant to §§ 841(b)(1)(A) and 851, subjecting Defendant to an increased penalty range of a mandatory minimum of 20 years (240 months) imprisonment and a maximum of life imprisonment. (Dkt. 29). This prior felony drug conviction also increased the applicable period of supervised release from 5 to 10 years. (*Id*.; dkt. 47 at 2). Defendant entered into a written plea agreement on December 30, 2008, and pleaded guilty on the same date. (Dkts. 33, 36). Defendant's Guidelines range was the mandatory minimum sentence of 240 months imprisonment. On January 20, 2009, the Court sentenced Defendant to 240 months imprisonment and 10 years supervised release. (Dkt. 38).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).[1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity

---

[1] Although § 3582(c)(1)(B) does not reference § 3553(a) as do other § 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) was increased from fifty to 280 grams. *Id*.

Under the First Step Act, the statutory range for Defendant's offense, taking into account Defendant's total offense level of 23 and his criminal history category of VI, would be 92 to 115 months imprisonment but Defendant remains subject to the mandatory minimum sentence of 10 years (120 months) pursuant to 21 U.S.C. § 851. The parties agree that a modification of Defendant's sentence to 120 months, but not less than time served, with 8 years of supervised release to follow,[2] is appropriate. (Dkts. 47, 49). The Court has been advised that Defendant has already served 128 months of his original sentence.

After a review of the record and consideration of the factors set forth in § 3553(a), and noting the parties' agreement, the Court concludes that a modification of Defendant's sentence pursuant to the First Step Act of 2018 is appropriate. Accordingly, the Court will order that Defendant's sentence be modified to 120 months imprisonment, but not less than time served, with 8 years of supervised release. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

---

[2] The statutory penalty in Defendant's case would now be a violation of 21 U.S.C. § 841(b)(1)(B); the range for a term of supervised release would therefore be reduced to eight years to life.

Entered this 22nd day of February, 2019.

                                                */s/ Norman K. Moon*
                                                NORMAN K. MOON
                                                SENIOR UNITED STATES DISTRICT JUDGE